UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW PETERSON,<br><br>　　　　　Defendant. | CASE NO.　CR02-78 TSZ<br><br>DETENTION ORDER |

Offenses charged:

　　Count 1:　Conspiracy to Distribute Marijuana, LSD, Cocaine, Ecstacy, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(!)(A), 841(b)(1)(B), and 846;

　　Count 2:　Conspiracy to Import Marijuana into the United States, in violation of Title 21, United States Code, Sections 952(a), 960(a), 960(b)(2)(G), and 963;

　　Count 3:　Distribution of Marijuana, in violation of Title 21, U.S.C., Section 812;

　　Count 4:　Distribution of LSD, in violation of Title 21, U.S.C., Section 812

Date of Detention Hearing: November 23, 2005

DETENTION ORDER
PAGE -1-

The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Matthew Friedman.  The defendant was represented by Alison Holcomb.

The Government filed a motion for detention to which the defendant stipulated, reserving the right to reopen the matter.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years.  There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Due to the nature of the instant offence and its consequent penalties which create an incentive to flee, the defendant poses a flight risk.

(3) The defendant stipulated to detention.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for

the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 6th day of December, 2005.

MONICA J. BENTON
United States Magistrate Judge